UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO. 6:11-cr-206-Orl-31GJK

KENNETH L. HARRIS,

    Defendant.

_____

## ORDER

Defendant Kenneth L. Harris' Motion for Docket Text Numbers 1, 3, 5, 6, 7, and 8 (Doc. 165) is **GRANTED IN PART AND DENIED IN PART**. Defendant requests the minutes and all transcripts related to docket entries 1, 2, 3, 4, 5, 6, 7, and 8. Defendant further seeks clarification as to why docket entry 2, the arrest warrant, appears to be missing from the docket.

Pursuant to *Walker v. United States*, 424 F.2d 278 (5th Cir. 1970),

> Title 28 U.S.C. § 2250 provides that only where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost. A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching for possible error.

*Id.* at 278-79 (citations omitted). Defendant has not sought leave to proceed in forma pauperis, and his § 2255 motion is no longer pending in this Court. Consequently,

Defendant is not entitled to these documents free of charge, assuming that he is entitled to them at all. *See United States v. Reed*, No. 88-468-01, 1989 WL 140493 (E.D. Pa. Nov. 17, 1989) (before the court may order the clerk of court to provide a person with documents under section 2250, several requirements must be met: 1) the filing of a petition for writ of habeas corpus; 2) a court order allowing the petitioner to proceed in forma pauperis; 3) the filing of a request for the documents in the court in which the habeas corpus petition has been filed; and 4) a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents); *United States v. Ali*, CRIM. A. No. 86-441, 1988 WL 86785 (E.D. La. July 26, 1988) (where the defendant had not filed a section 2255 motion or a petition for writ of habeas corpus, a federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.).

Defendant may obtain copies of these documents, including the arrest warrant, by submitting a check to the Clerk of Court for the cost of the copies along with a motion. These documents consist of twenty-four pages in total. Therefore, the total cost for copies would be $12.00 (24 x .50 = $12.00). <u>The Court notes there are no minutes or transcripts associated with these documents</u>.

To the extent Defendant is requesting the Court to order the grand jury proceeding to be transcribed and provided to him, he has not demonstrated that he is entitled to such action. "It has long been a policy of the law that grand jury proceedings be kept secret."

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9 (1979). Rule 6(e) of the Federal Rules of Criminal Procedure codifies this principle and prohibits disclosure of grand jury transcripts except in certain limited circumstances provided for in Rule 6(e)(3). Rule 6(e)(3)(E) permits disclosure of grand jury matters when directed by a court preliminary to or in conjunction with a judicial proceeding. A litigant seeking disclosure of grand jury transcripts must show: "(1) 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that their request is structured to cover only material so needed.'" *United States v. Aisenbery*, 358 F.3d 1327, 1348 (11th Cir. 2004) (citing *Douglas Oil Co.*, 441 U.S. at 222). Defendant has not alleged why the transcript is necessary or why the need for disclosure outweighs the need for continued secrecy. Furthermore, there is no judicial proceeding pending at this time for which the grand jury transcript would be relevant or necessary.

Finally, to the extent Defendant seeks clarification as to why the arrest warrant, docket entry 2, appears to be missing, the Court notes that it is because the entry event was sealed prior to the execution of the warrant. A PDF of the issued warrant was not attached to that docket entry. The executed arrest warrant was filed at docket entry 14 after Defendant's arrest.

**DONE AND ORDERED** in Orlando, Florida, this 14th day of December, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/14
Kenneth L. Harris
Counsel of Record